The Honorable Ron Fields Prosecuting Attorney Sebastian County Courthouse Fort Smith, AR 72901
Dear Mr. Fields:
This is in response to your request for an opinion concerning the disposition of municipal court records pertaining to violations of the Omnibus DWI Act, codified at A.C.A. §§ 5-65-101 to -207 (1987 Cum. Supp. 1991). You note that § 5-65-110 sets forth the items to be included in the record, along with the proper record-keeping procedure. You state that the Fort Smith Municipal Court maintains a file on each of its DWI defendants, which contains the DWI citation, a copy of the presentence screening report, the judgment and, where applicable, waivers and computer print-outs regarding prior DWI's. You state further that in many instances, the defendant never appears before the municipal court again and is never prosecuted in another court for DWI. You state that it is the court's understanding that a conviction, once it is five years old, cannot be used for any enhancement purpose. However, it is unclear whether these files may be destroyed after the passage of five years. I have paraphrased your questions as follows:
 1. May DWI files be destroyed after the passage of five years, or does some statutory or regulatory requirement dictate the permanent maintenance of these files?
 2. If the court maintains a permanent record in its computer which states a defendant's name, birth date, violation, date of violation, disposition of violation and the name of the defendant's attorney or an indication of his waiver, does this qualify as a permanent record allowing hard copies of the file to be destroyed after the five year period?
 3. Would it be appropriate to both delete the computer entries and destroy the hard copies of the DWI files which back up the computer system after the passage of five years?
As you have noted, prior DWI convictions may be used by a sentencing court for enhancement purposes. See generally
A.C.A. § 5-65-101 (1987). While that section indicates that the relevant enhancement period may be three years, rather than five, we find nothing to indicate that a court may not, should it so choose, retain its records for a period of five years. I will thus answer your questions based on the assumption that the municipal court in question wishes to retain its records for the full five years, as you have stated.
It is my opinion that the answer to your first question is "yes." DWI files may be destroyed pursuant to the procedure set out at A.C.A. § 14-2-203 (1987) where photostatic copies, photographs, microfilms, or reproductions on films of the records are placed in conveniently accessible files and provisions is made for preserving, examining, and using them.
With regard to the issue of record keeping, A.C.A. § 5-65-110
states:
 (a) Every magistrate or judge of a court shall keep or cause to be kept a record of every violation of this act presented to that court and shall keep a record of every official action by that court in reference thereto including, but not limited to, a record of every finding of guilt, plea of guilty or nolo contendere, judgment of acquittal, and the amount of fine and jail sentence.
 (b) Within thirty (30) days after sentencing a person who has been found guilty, or pleaded guilty or nolo contendere on a charge of violating any provision of this act, every magistrate of the court or clerk of the court shall prepare and immediately forward to the Office of Driver Services an abstract of the record of the court covering the case in which the person was found guilty, or pleaded guilty or nolo contendere. . . .
(c) The abstract shall . . . include:
(1) The name and address of the party charged;
 (2) The number, if any, of the operator's or chauffeur's license of the party charged;
(3) The registration number of the vehicle involved;
(4) The date of the hearing;
(5) The plea;
(6) The judgment; and
 (7) The amount of the fine and jail sentence, as the case may be.
With regard to the destruction of records, A.C.A. § 14-2-203
states:
 Whenever photostatic copies, photographs, microfilms, or reproductions on films of public records shall be placed in conveniently accessible files and provision made for preserving, examining, and using them, the head of a . . . city office or department may certify those facts to the . . . mayor of a municipality, . . . who shall have the power to authorize the disposal, archival storage, or destruction of the records.
The Arkansas Supreme Court has stated that the emergency clause of a statute may be looked to in construing a statute. Heath v.Westark Poultry processing Corp., 259 Ark. 141, 531 S.W.2d 953
(1976). The emergency clause to Act 218 of 1947 (A.C.A. §14-2-203) states in relevant part:
 . . . [B]ecause facilities for storage of public records are now taxed to capacity; and because space must be provided for such public records and because it is necessary for the immediate preservation of the public peace, health and safety of the inhabitants of the state; an emergency exists. . . .
The emergency clause, therefore, indicates that the purpose of Act 218 was in part to deal with existing problems of inadequate storage by allowing agencies to reduce their records to a smaller storage capacity and then dispose of the originals.
Our research has yielded no other statutory or regulatory requirement for the permanent maintenance of municipal court DWI files. Accordingly, it is my opinion that a municipal court may destroy its DWI files where "photostatic copies, photographs, microfilms, or reproductions on films of [the] records [are] placed in conveniently accessible files and provision [is] made for preserving, examining, and using them," (§ 14-2-203) and where the mayor has authorized the disposal or destruction of the original records pursuant to § 14-2-203.
It is my opinion, with regard to your second question, that as a general matter, a computer record would, in all likelihood, qualify as a permanent record such that the hard copies may be destroyed. With regard to this issue, A.C.A § 16-46-101 (1987) states in pertinent part that:
 (a)(2) The . . . clerks of courts of record, and any public officer whose duty it is to make public records are authorized to use and employ an approved system of photographic recording when provided with equipment necessary for such method of recording.
 (b)(1) If any . . . department or agency of government, in the regular course of business or activity has kept or recorded any memorandum, writing, entry, print, representation, or combination thereof, of any act, transaction, occurrence, or event, and in the regular course of business has caused any or all of the same to be
recorded, copied, or reproduced by any
photographic, photostatic, microfilm, microcard, miniature photographic, or other process which accurately reproduces or forms a durable medium for so reproducing the original, the original may be destroyed in the regular course of business unless its preservation is required by law. [Emphasis added.]
See also A.C.A. § 14-2-201 (1987).
This statute gives the municipal court, as an "agency of government", the authority to re-record documents and destroy the originals in the ordinary course of business "unless [their] preservation is required by law." Our research has yielded no requirement for the preservation of municipal court DWI files, beyond that contained in A.C.A. § 5-65-101, which indicates that the information should be accessible for sentence enhancement purposes. This statute thus allows the municipal court to destroy original documents once they have been scanned into the computer system. As set out above, however, § 14-2-303 requires that provision be made for preserving, examining, and using the records, and that authorization be obtained from the mayor for destruction of the originals.
With regard to the specific information that must be maintained in the computer record, A.C.A. § 5-65-110 sets out that information which is to be abstracted from the record of the court and forwarded to the Office of Driver Services. See
discussion above in response to question 1. In my opinion, the statute is not clear whether this information must be maintained in the court's permanent computer record; however, prudence may dictate that this information be kept in addition to that mentioned in your question. It is my opinion that this information would need to be included in any computer record which is to be substituted for a hard copy of an individual's record.
Consultation with the Arkansas History Commission and the State Historian, who are charged with the duty to administer a State Public Records Management Program, may be also be indicated.See A.C.A. § 13-4-105. Each agency official is charged under the statute with the duty to develop and implement a program for the management of the agency's records. The program is to be developed and implemented with the uniform standards and principles set forth by the Arkansas History Commission as guidelines.
Accordingly, reference should be made to these standards before the municipal court adopts any policies with regard to the destruction of documents.[1]
It is my opinion that the answer to your third question is probably "no." While A.C.A. § 5-65-110 requires that the court maintain a record of every violation of the DWI act, § 14-2-203
authorizes the court to seek approval to destroy hard copies of original files where it re-records the records. We find no similar provision, however, with regard to the destruction of records maintained only on computer. In the absence of clear legislative authority for the court to destroy its computer-only maintained files, I must conclude that the answer to your question is "no." Again, however, I suggest that the Arkansas History Commission be consulted in this regard.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
SD/WB:cyh
[1] While there are specific statutory provisions pertaining to the retention of records for departments of county government (see A.C.A. §§ 13-10-101—108 (Cum. Supp. 1991)), there appears to be no similar provision pertaining to municipalities.